IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MYRNA HARRIS

individually and on behalf of all others
similarly situated

Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

MYRNA HARRIS, individually and on behalf of all others similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23, by and through her counsel, for her Complaint against Defendants DAVITA HEALTHCARE PARTNERS, INC. and TOTAL RENAL CARE INC. (hereinafter referred to as "Defendants") hereby state and allege as follows:

**PRELIMINARY ALLEGATIONS**

1. Defendants are a Fortune 500 Company that provides a variety of health care services to patients thought the United States and abroad. Defendants specialize in dialysis services for patients with chronic kidney failure and end stage renal disease.

2. Plaintiff and those similarly situated are non-exempt hourly employees of Defendants. Plaintiff and those similarly situated are all located within a geographic area

1

designated and defined by Defendants as encompassing the states of Montana, Kansas, Missouri and parts of Wyoming, Utah, Colorado, Nebraska, Oklahoma, Iowa, Illinois, Arkansas, and Texas, and are collectively referred to by Defendants as "Apex."

3. Plaintiff and those similarly situated in the "Apex" zone are subject to the same illegal policy and practice of failing to pay workers for all time worked and failing to pay overtime wages. That policy and practice is based, in part, on direct patient care hours per treatment and the calculation of direct patient care hours for each facility established by corporate DaVita that reduces Defendants' patient to staff ratios and require Plaintiff and those similarly situated to work more hours for which they are not properly compensated.

4. Plaintiff and those similarly situated were/are not properly paid for all work performed for the benefit of the employer.

5. Plaintiff and those similarly situated were/are not properly paid for overtime, time and a half, for over forty (40) hours in a workweek.

6. Plaintiff and those similarly situated were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants failed to change Plaintiff's, and those similarly situated, time records to reflect the additional time worked on behalf of the employer even when Plaintiff and those similarly situated requested that their time records be corrected by management.

7. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiff and those similarly situated as required by federal law because Defendants are not properly recording all hours worked, including overtime.

This cause of action is brought as a collective action pursuant to federal law to recover from Defendants unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees and pre- and post-judgment interest associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff and those similarly situated under federal law.

## JURISDICTION AND VENUE

8. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's, and those similarly situated, FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were/are an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

11. Alternatively, Plaintiff and those similarly situated worked in interstate commerce so as to fall within the protections of the FLSA.

12. This Court also has jurisdiction over Plaintiff MYRNA HARRIS'S claims for violations of the Colorado Wage Act, and breach of contract claims pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy and arise out of the common nucleus of operative facts.

13. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a).

## COVERAGE PURUSANT TO THE FAIR LABOR STANDARDS ACT

14. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23, incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

15. At all times material hereto, Plaintiff and those similarly situated were "employees" of Defendants within the meaning of FLSA because they were individuals employed by an employer.

16. At all times material hereto, Plaintiff MYRNA HARRIS, and those similarly situated were hourly employees eligible for overtime pay.

17. At all times material hereto, Defendants were an "employer" within the meaning of FLSA because Defendants acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

18. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of

'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961).

19. At all times material hereto, Defendants were/are an employer because Defendants had the ability to do the following with respect to Plaintiff and those similarly situated: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

20. Also, at all times material hereto, Defendants were/are an employer because Defendants held exclusive operational control over Plaintiff and those similarly situated, were solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of Plaintiff and those similarly situated.

21. At all times material hereto, Defendants employed two (2) or more employees.

22. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

23. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

24. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all times material hereto, Defendants gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

26. At all times material hereto, Plaintiff and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA.

27. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff and those similarly situated, at all times material hereto, Plaintiff and those similarly situated were/are non-exempt.

## PARTIES

28. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

29. At all times pertinent hereto, individual Plaintiff MYRNA HARRIS resided in the State of Colorado with a residential address in Colorado Springs, CO 80928.

30. At all times material hereto, individual Plaintiff MYRNA HARRIS worked as a non-exempt hourly employee for Defendants as an Administrative Assistant.

31. At all times material hereto, Plaintiff and all similarly-situated employees were performing their duties for the benefit of and on behalf of Defendants.

32. Defendants should be in possession of the time entries and wage records for Plaintiff, individually and collectively, for each and every workweek.

-7-

33. Upon information and belief, Defendant DAVITA HEALTHCARE PARTNERS is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

34. Upon information and belief, Defendants TOTAL RENAL CARE, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

35. Defendants are/were employers for the purposes of the FLSA, and are the proper Defendants/employers for Plaintiff and other similarly situated, non-exempt workers of Defendants.

## COLLECTIVE ALLEGATIONS

36. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

37. Plaintiff brings her First Claim for Relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

38. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

39. Plaintiff, individually and on behalf of other similarly-situated employees (hereinafter also referred to as Opt-in Plaintiffs) seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay for all hours worked, including overtime compensation. The number and identity of other Opt-in Plaintiffs will be determined

from the records of Defendants, and potential members may easily and quickly be notified of the pendency of this action.

## CLASS ALLEGATIONS

40. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

41. In addition to the claims pursuant to the FLSA, Plaintiff brings a Colorado Wage Act claim and a breach of contract claim as a collective action pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. 23, on behalf of herself and as representative of the class who worked for the Defendants in Colorado at any time in the last three years who were not paid for all of the time they performed work-related tasks, including overtime.

42. Plaintiff and class members satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

43. Plaintiff and class members satisfy the numerosity standards; as a result, joinder of all class members in a single action is impracticable.

44. There are questions of fact and law common to the Plaintiff and class members that predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

45. Plaintiff's claims are typical of those of the class in that the class members have been/are employed by Defendants as non-exempt employees and were subject to the same or similar unlawful withholding of pay of Plaintiff.

46. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Plaintiff and class members. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

47. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the class members she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have experience prosecuting complex wage and hour, employment, and/or other complex civil litigation.

48. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.

49. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records
**(ALL COLLECTIVE MEMBERS)**

50. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

51. At all times material herein, Opt-in Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

52. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

53. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

54. Defendants violated the FLSA by failing to pay Opt-in Plaintiffs for all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

56. Opt-in Plaintiffs were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants

failed to change Opt-in Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Opt-in Plaintiffs requested that their time records be corrected by management.

57. Defendants failed to properly maintain accurate daily records of all hours worked by Opt-in Plaintiffs as required by federal law because Defendants are not properly recording all hours worked, including overtime.

58. Opt-in Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice is in violation of the FLSA.

59. Opt-in Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

60. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Opt-in Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### SECOND CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records
(PLAINTIFF, INDIVIDUALLY)**

61. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

62. At all times material herein, Plaintiff, individually, is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

63. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

64. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

65. Defendants violated the FLSA by failing to pay Plaintiff for all of her time worked, including overtime.

66. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

67. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

68. Plaintiff was not properly paid for other work-related duties which occurred outside of her scheduled shift hours and/or on weekends. Defendants failed to change Plaintiff's time records to reflect the additional time worked on behalf of the employer.

69. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiff as required by federal law because Defendants are not properly recording all hours worked, including overtime.

70. Plaintiff is a victim of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA.

71. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

72. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### THIRD CLAIM FOR RELIEF
### Violation of the Colorado Wage and Hour Laws and Failure to Maintain Records
### (PLAINTIFF, INDIVIDUALLY)

73. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

74. Defendants violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq.*

75. Defendants are required under Colorado law to pay Plaintiff individually for her time that she worked for the benefit of Defendants. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

76. Defendants are required under Colorado law to pay Plaintiff individually for unpaid wages and overtime work as well as unpaid work prior to, at the conclusion of, and on weekends. 7 COLO. CODE REGS. § 1103-1:4.

77. Defendants are required under Colorado law to maintain accurate daily records of all hours worked by its employees including Plaintiff. 7 COLO. CODE REGS. § 1103-1:2.

78. Defendants are required under Colorado law to provide Plaintiff monthly documentation detailing hours paid. C.R.S. §§ 8-4-103(4).

79. Because Defendants have not paid Plaintiff individually for all hours worked, including overtime wages and failed to properly maintain records, Plaintiff has been individually damaged in an amount to be determined pursuant to Colorado wage and hour laws.

### FOURTH CLAIM FOR RELIEF
**Breach of Contract**
**(PLAINTIFF, INDIVIDUALLY)**

80. Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 incorporate herein by this reference the allegations.

81. Throughout Plaintiff's employment, Defendants have promulgated written and oral policies and procedures and a Corporate Integrity Agreement.

82. These policies and procedures were distributed to Plaintiff.

83. These policies and procedures constitute a contractual commitment to Plaintiff.

84. Plaintiff accepted Defendants' policies and procedures, and in return continued to work for Defendants.

85. Defendants breached their contractual commitment to Plaintiff by violating Defendants' policies and procedures regarding pay; therefore Defendants breached the contract.

86. Defendants never effectively disclaimed their contractual obligations to Plaintiff.

87. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will suffer damages, including non-economic damages.

**WHEREFORE**, Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 demand judgment against Defendants, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief requested herein and available pursuant to federal law.

## JURY DEMAND

Plaintiff and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Fed. R. Civ. P. 23 requests a trial by jury on all issues so triable.

DATED: November 16, 2017

> Respectfully submitted,
>
> RAMOS LAW
>
> */s/ Colleen T. Calandra*
> Colleen T. Calandra

*/s/ Madison Fiedler Carlson*
Madison Fiedler Carlson

*/s/ Darren Natvig*
Darren Natvig

3000 Youngfield Street
Wheat Ridge, CO 80215
Telephone: (303) 733-6353
Fax Number: (303) 865-5666
Email: colleen@ramoslaw.com
    madison@ramoslaw.com
    darren@ramoslaw.com


Wilcox Law Firm, LLC

*/s/ Ronald L. Wilcox*
Ronald L. Wilcox
383 Corona Street, #401
Denver, CO  80218
Telephone:  (303) 594-6720
Email:  ron@wilcox.legal

*ATTORNEYS FOR PLAINTIFFS*

COMPLAINT AND JURY DEMAND