## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-02741-MSK

MYRNA HARRIS,

individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.

      Defendants.

---

### MOTION FOR LEAVE TO FILE SUR-REPLY

---

Defendants, DaVita Healthcare Partners, Inc. and Total Renal Care Inc. (collectively "Defendants"), by and through their undersigned counsel, file this Motion for Leave to File Sur-Reply to Plaintiffs' Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitations [Dkt. 44], which seeks conditional certification of an FLSA collective action. Defendants were afforded the opportunity to depose Plaintiffs in December 2018, and now seek leave to file a Sur-Reply based on the testimony obtained during these depositions which directly contradicts the sworn statements from plaintiffs' declarations submitted in the briefing of this motion.

1.    Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned has conferred with Plaintiffs' counsel regarding this Motion. Plaintiffs oppose the relief requested herein.

1

2. Plaintiffs filed a Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitation or in the alternative to stay Defendants' deadline to respond to the Motion for Conditional Certification on June 18, 2018. (Dkt. 44).

3. In their Motion, Plaintiffs seek, amongst other things, to have the Court approve their Notice and Consent-to-Join form, and for the statute of limitations under the Fair Labor Standards Act to be tolled for opt-in Plaintiffs. *Id.*

4. In support of Plaintiffs' Motion, attached as exhibits were declarations from class representative Myrna Harris and opt-in Plaintiff, Terry Allison. (Dkt. 46-C).

5. Plaintiffs' entire Motion to this Court rests on the substance of these self-serving declarations.

6. Over the course of briefing related to Plaintiffs' Motion, Defendants did not have an opportunity to depose Ms. Harris or Ms. Allison. Though Defendants first requested to take both depositions in July 2018, Plaintiffs and their counsel failed and/or refused to provide dates for months until November 2018 with their depositions were finally scheduled to occur in December 2018.

7. Now, months after Defendants responded to Plaintiffs' Motion (July 23, 2018) and Plaintiffs' filed their reply brief (August 6, 2018), Defendants were finally afforded an opportunity to depose both Plaintiffs-declarants.

8. Defendants seek leave to file a Sur-Reply based on the testimony obtained during depositions, which, most importantly, directly contradicts the sworn statements from each declaration.

9. By way of example, during Ms. Harris' deposition, she contradicted the statements in her declaration as follows:

2

      a. The declaration provides that employees were "dissuaded" from reporting overtime because of the possibility of disciplinary action (Harris Declaration ¶ 9) yet Ms. Harris testified in her deposition that she did not know of anyone who had to get prior authorization to work overtime or who were dissuaded from recording overtime **Ex A Deposition of Harris**, 177:13 - 15.

      b. The declaration provides that the hours allocated versus the work expected is set by corporate DaVita (Harris Declaration ¶ 11), yet she admitted in her deposition that the process was different at all three of her locations and that she had no knowledge or information regarding the processes across the entire Palmer region or nationwide, Ex A Deposition of Harris, 179:22 – 180:7, 180:18 – 25, 181:4 - 6.

10. During Mr. Allison's deposition, he contradicted the statements in his declaration as follows:

      a. The declaration provides that employees were dissuaded from working overtime because of possible disciplinary action (Allison Declaration ¶ 9) but admitted in his deposition that he worked overtime without authorization and was not disciplined. **Ex B Deposition of Allison**, 134:22 – 135:17, 137:10 - 23.

      b. The declaration provides that the hours allocated versus the work expected is set by corporate DaVita (Allison Declaration ¶ 11), but admitted in his deposition that that was only true for two of the several locations he worked in, Ex B Deposition of Allison, 153:13 - 25.

      c. Additionally, the declaration provides that the number of hours allocated were not sufficient to accomplish the required work (Allison Declaration ¶ 12) but admitted that he did not have any knowledge or information regarding whether this was true for any other location other than his, Ex B Deposition of Allison, 137:12 – 138:11.

11. Notably, both Plaintiff-declarants also admitted that they have no knowledge or information regarding the policies and/or practices at other clinics and in other regions, despite the allegation that they and putative collective members were all subject to a uniform, nationwide practice that deprived them of overtime. (Ex A Deposition of Harris, 152:24 – 153:3, 179:22 – 180:7, 180:18 – 25, 181:4 - 6; Ex B Deposition of Allison, 153:13 – 25, 137:12 – 138:11).

12. Based on the testimony, it is abundantly clear that, contrary to the prior assertions in Plaintiffs' Motion and Brief, the Plaintiffs only have personal knowledge about their respective clinics and that their experiences are not reflective of a national practice denying overtime compensation. (Ex A Deposition of Harris, 152:23 – 153:3, 153:11-19, 179:22 – 180:7, 180:17 – 25, 181:4 - 6; Ex B Deposition of Allison, 128:4-10, 151:6-153:12, 153:13 – 25). In fact, the only evidence of a uniform and region-wide policy are these declarations—which are clearly unreliable based on *their own* deposition testimony.

13. Accordingly, this Court must grant Defendants' Motion and afford it leave to file a Sur-Reply to address these inaccuracies to oppose Plaintiffs' Motion and further demonstrate that conditional certification is improper in this case.

WHEREFORE, Defendants respectfully request that the Court grant this Motion, and enter an Order permitting them to file a sur-reply to Plaintiffs' Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitations [Dkt. 44].

Respectfully submitted this 4th day of January, 2019.

JACKSON LEWIS P.C.

*s/ Veronica von Grabow*
Veronica von Grabow
Melisa H. Panagakos
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Veronica.vonGrabow@jacksonlewis.com
Melisa.Panagakos@jacksonlewis.com

    Dorothy D. McDermott
    Drew C. Ambrose
    211 N. Pennsylvania Street, Suite 1700
    Indianapolis, IN 46204
    Telephone: (317) 489-6930
    Facsimile: (317) 489-6931
    Dorothy.McDermott@jacksonlewis.com
    Drew.Ambrose@jacksonlewis.com

    Stephanie Adler-Paindiris
    Amanda A. Simpson
    390 N. Orange Avenue, Suite 1285
    Orlando, FL 32801
    Telephone: (407) 246-8440
    Facsimile: (407) 246-8441
    Stephanie.Adler-Paindiris@jacksonlewis.com
    Amanda.simpson@jacksonlewis.com

    Eric R. Magnus
    1155 Peachtree Street N.E.
    Suite 1000
    Atlanta, GA 30309
    Telephone: (404) 525-8200
    Facsimile: (404) 525-1173
    MagnusE@jacksonlewis.com

    *ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 4th day of January, 2019, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE SUR-REPLY** was served via CM/ECF on the following:

RAMOS LAW
Colleen T. Calandra
Rebekah Stern
3000 Youngfield Street
Wheat Ridge, CO 80215
colleen@ramoslaw.com
rebekah@ramoslaw.com

WILCOX LAW FIRM, LLC
Ronald L. Wilcox
383 Corona Street, #401
Denver, CO 80218
ron@wilcox.legal

*ATTORNEYS FOR PLAINTIFF*

                                                    *s/ Valerie A. Martinez*
                                                    for Jackson Lewis P.C.