## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between (i) Terry Allison ("Allison"); and (ii) Harvey Sender (the "Trustee") the chapter 7 trustee of the bankruptcy estate of Terry Allison 17-14009-TBM ("Estate") and Colleen T. Calandra of Ramos Law attorneys for Allison in United States District Court of Colorado, Case No. 1:17-cv-02741-JLK-MEH (collectively "the Parties").

## Background

1. On or about March 5, 2020, Allison's Bankrupcy was reopened to report unpaid wages that accrued before the bankruptcy was terminated. These wages are sought in the United States District Court of Colorado, Case No. 1:17-cv-02741-JLK-MEH (hereinafter "wage claim").

2. On March 6, 2020, Harvey Sender was appointed Successor Trustee of the estate.

3. The Parties wishing to avoid protracted litigation, in an effort to comprmise their dispute, desire to fully resolve the issues without uncessarcy costs, delay and uncertainty of pursuing litigation have hereby resolved their dispute through this Settlement Agreement.

## AGREEMENT

1. **Effective Date.** This Agreement shall be effective upon entry of a final order approving this Agreement by the Court. In the event it is not approved by the Court, it shall become null and void.

2. **Settlement Payment.** Allison shall pay to the Trustee 25% of the Net Proceeds of the wage claim ("Settlement Payment"). Allison shall direct his counsel to pay the Trustee prior to receiving any monies himself. For purposes of this Settlement Agreement Net Proceeds shall be defined as those amounts remaining after the payment of the attorney's fees and costs, and any third party liens with a statutory or contractual right of subrogation.

Counsel for Allison represents that she will pay the Trustee from the Settlement Agreement Net Proceeds, as defined here, by mailing a check to the Trustee at the following address:

Harvey Sender, Esq.
Sender & Smiley LLC
600 17th Street
Suite 2800 S
Denver, CO 80203

-1-

3.    **Communcations**.  Allison hereby directs and authorizes her counsel to provide updates to the Trustee from time to time and generally directs her counsel to keep the Trustee informed of the status of the case.

4.    **Assignment**.  In exchange for the provisions contained herein the Trustee assigns, without warranties on an 'as is' basis the wage claim to the Debtor, his personal representavies and assignes to take any and all legal measures that may be proper or necessary for the complete recovery of the wage claim subject to the terms and conditions of our agreement herein. This Assignment shall granted as of the Effective Date.

5.    **Court Approval**.  The parties will file a stipulated motion with the court to approve this agreement forthwith.

6.    **Additional Warranties and Representations**.  Each Party warrants and represents the following:

A.    each believes it to be in that Party's best interests to settle the matters encompassed by this Agreement, as provided in this Agreement;

B.    no promise, agreement, inducement, representation, or warranties have been offered to any Party except as expressly provided in this Agreement;

C.    this Agreement is not in violation of or in conflict with any other agreement of any Party;

D.    this Agreement is executed voluntarily with full knowledge of the consequences and implications of the terms and obligations contained herein;

E.    each Party has been represented by counsel of that Party's choice throughout the negotiations that preceded the execution of this Agreement, and in connection with the preparation and execution of this Agreement;

F.    each Party has carefully and thoroughly reviewed this Agreement in its entirety and has resolved all questions concerning the meaning, legal nature, and binding effect of this Agreement with counsel of each Party's choosing; and

G.    each Party has read, understands, and fully agrees to the terms of this Agreement.

-2-

7.    **Modifications**. No modification of any terms of this Agreement shall be valid or binding upon the Parties or entitled to any enforcement whatsoever unless such modification is reduced to writing and signed by all the Parties or their authorized representatives.

8.    **Consent/Waiver**. No consent or waiver, express or implied, by any Party with respect to a failure of the other Party to perform that Party's obligations pursuant to the terms of this Agreement shall be deemed or construed to be a consent or a waiver as to any other rights that such Party may have with respect to the performance of the terms of this Agreement.

9.    **Dual Construction**. If any provision of this Agreement may be construed in two or more ways, one of which would render the provision invalid or otherwise voidable or unenforceable and another of which would render the provision valid and enforceable, such provision shall have the meaning that renders it valid and enforceable.

10.    **All Parties Drafted this Agreement**. The rule of construction that provides that ambiguities in a contract shall be construed against the drafter shall not apply to this Agreement because each Party participated in drafting its terms, and all Parties waive applicability of such rule of construction in interpreting this Agreement.

11.    **Additional Rules of Construction**. Any term used in this Agreement that is not defined herein shall have the meaning assigned to that term and shall be construed in accordance with the rules of construction under the laws of the State of Colorado. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Agreement as a whole and not to any particular section, subsection, paragraph, or clause contained in this Agreement, unless the context requires otherwise. Whenever from the context it is appropriate, each term stated in either the singular or plural shall include both the singular and plural, and each pronoun stated in the masculine, feminine, or neuter includes the masculine, feminine, and neuter. "Or" means and/or and the singular includes the plural. Similarly, "and" means and/or and the plural includes the singular.

12.    **Other Claims/Conferring Benefits**. Nothing in this Agreement shall be construed to (i) affect or impair any claims or causes of action against any person or entity other than those between the Parties; or (ii) confer upon any person or entity, other than the Parties, any benefit.

13.    **Governing Law**. This Agreement shall be governed by the laws of the State of Colorado, without giving effect to its principles of conflict of laws.

14.    **Entire Agreement**. This Agreement, constitutes the entire agreement of the Parties as to its subject matter, and supersedes all prior stipulations, understandings, negotiations, and discussions, whether written or oral, among the Parties and no Party shall have any responsibilities, liabilities, or other affirmative duties, except as stated herein.

-3-

15.   **No Admissions**.  Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith, shall constitute or be construed as or be deemed to be evidence of an admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party.

16.   **Authority**.  The Parties represent and warrant that they have actual authority to execute this Agreement and that no Party has transferred, sold, conveyed, assigned, hypothecated, or otherwise disposed of any claims, demands, causes of action, suits, debts, rights, controversies, liabilities, damages, and expenses released pursuant to this Agreement.

17.   **Execution**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement; provided all of the counterparts shall, in the aggregate, have been executed by the Parties.  The Parties agree that an electronic or faxed signature may substitute for and have the same legal effect as the original signature.

18.   **Headings**.  The descriptive headings of this Agreement are inserted for reference only and do not constitute a part of this Agreement, nor do they in any way affect the interpretation of any provision of this Agreement.

19.   **Further Cooperation**.  Each Party shall, at any time and from time-to-time after the Effective Date, upon request by any other Party and without further consideration, execute and deliver such instruments of transfer or other documents and take such further action as may be objectively reasonably required in order to fully consummate the settlement in accordance with this Agreement or to carry out and perform any undertaking made by the Parties.

-4-

Exhibit A Page 04

20.   **Notice**.   All notice shall be made to the Parties as follows (or such contact information as any Party shall update to the other Parties from time-to-time):

| If Trustee: | If Allison: |
|---|---|
| Harvey Sender, Esq.<br>Sender & Smiley LLC<br>600 17th Street<br>Suite 2800 S<br>Denver, CO 80203<br>Telephone No.: 303.454.0525<br>Email: hsender@sendersmiley.com | Colleen T. Calandra, Esq.<br>Ramos Law<br>3000 Youngfield Street, Suite 200<br>Wheat Ridge, CO 80215<br>Telephone No.: 720.536.4376<br>Email: colleen@ramoslaw.com |

IN WITNESS WHEREOF, the Parties, intending to be legally bound, have duly executed this Agreement on the dates set forth below.

_____        _____
Harvey Sender                          Terry Allison

Dated this ___ day of April, 2020        Dated this 16th day of April, 2020

_____
Colleen T. Calandra

Dated this 16th day of April, 2020

-5-

Exhibit A Page 05